IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY DEAN BARRICK, JR., | : | CIVIL NO. 3:08-CV-0489 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JEFFREY A. BEARD, PH. D. et al., | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner, an inmate presently confined at the State Correctional Institution at Somerset, Somerset, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his first degree murder and firearms convictions imposed by the Court of Common Pleas of Cumberland County. (Doc. 1.) Upon preliminary review, because it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005), respondents were directed to file a response concerning the timeliness of the petition. (Doc. 6.) A response was filed on April 9, 2008. (Doc. 11.) On April 21, 2008, an attorney filed a letter on behalf of Petitioner seeking to have the letter presented as a formal request by Petitioner to file his petition *nunc pro tunc*. Most recently, on April 24, 2008, Petitioner filed a "reply" to the response. (Doc. 13.) For the reasons discussed below, the Court concludes that the petition is subject to dismissal because it was not timely filed. See 28 U.S.C. § 2244(d).

I.  **BACKGROUND**

On November 23, 1999, Petitioner was sentenced to a term of life imprisonment with

no parole for first degree murder, and a consecutive term of two to five years imprisonment for a firearms conviction. (Doc. 1, p. 1; Court of Common Pleas of Cumberland County docket sheet, Commonwealth of Pennsylvania v. Gary Dean Barrick, Jr., CP-21-CR-0000426-1999, p. 11, at http://ujsportal.pacourts.us.) A timely direct appeal was filed with the Pennsylvania Superior Court on December 14, 1999. (Doc. 11, p. 1, Court of Common Pleas of Cumberland County docket sheet, Commonwealth of Pennsylvania v. Gary Dean Barrick, Jr., CP-21-CR-0000426-1999, p. 11, at http://ujsportal.pacourts.us.) On August 23, 2000, the Pennsylvania Superior Court affirmed the judgment of sentence. See Court of Common Pleas of Cumberland County docket sheet, Commonwealth of Pennsylvania v. Gary Dean Barrick, Jr., CP-21-CR-0000426-1999, p. 15, at http://ujsportal.pacourts.us. On January 3, 2001, his petition for allowance of appeal to the Supreme Court of Pennsylvania was denied. Commonwealth v. Barrick, 564 Pa. 723, 766 A.2d 1243 (Pa. 2001).

On April 27, 2005, he filed a petition for post conviction collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. The petition was denied as untimely on January 5, 2006. He appealed to the Superior Court. On September 6, 2006, the Superior Court affirmed the denial of PCRA relief. He filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on February 5, 2007. See Commonwealth v. Barrick, 591 Pa. 695, 918 A.2d 741 (Pa. 2007); see also, appeal docket sheet of Commonwealth of Pennsylvania v. Gary Dean Barrick, 249 MDA 2006, at http://ujsportal.pacourts.us. He filed his petition in this Court on March 18,

2008. (Doc. 1.)

## II. DISCUSSION

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .
>
> .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment becomes final, and the statute of limitations begins to run when appeals have been exhausted or the time for seeking an appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001); see

3

Morris v. Horn, 187 F.3d 333, 337, n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

Petitioner's judgment became final on or about April 3, 2001, when his time to file a petition for writ of certiorari to the United States Supreme Court expired. The statute of limitations commenced at this time and expired one year later on April 3, 2002. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.     Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place and filing. Lovasz v. Vaughn, 134 F. 3d 146, 148 (3d Cir. 1998). Further, in order to receive the benefit of tolling of the federal statute of limitation, a PCRA petition must be filed before the limitations period runs out. Otherwise, there is nothing left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a properly filed post-conviction petition must be pending prior to the expiration of the federal limitations period in order to toll that period).

Petitioner argues that the one year statute of limitation did not begin to run until February 5, 2007, the date upon which his PCRA proceedings concluded. (Doc. 13, p. 4.)

He is mistaken. The conclusion of state post-conviction review does not reset the limitations period, but merely recommences that portion of the period which did not expire prior to the proceedings for post-conviction relief. See Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2002) (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (finding that tolling provision excludes time during which a properly filed state post-conviction is pending but does not reset the date from which the one-year limitations period begins to run)). As noted above, the statute began to run upon conclusion of his direct appeal on April 3, 2001 and expired on April 3, 2002, long before he filed his PCRA petition on April 27, 2005. Moreover, the petition was denied as untimely, which means that it was not properly filed as required by the tolling statute. Petitioner is not entitled to statutory tolling.

### B.   Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).    Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the

plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

The Court does not find extraordinary circumstances in this case which prevented Petitioner from filing a timely habeas petition. He has not been actively misled by the state, he has not been prevented from asserting his rights, he did not timely assert his rights in the wrong forum and he was never misled by the state courts regarding the steps he needed to take to preserve his claims.

Further, with regard to counsel's erroneous advice, that Petitioner had one year from the date upon which his PCRA proceedings concluded to file his petition, mere excusable neglect is not sufficient to warrant equitable tolling. Id.; Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998); Jones, 195 F.3d at 159 (3d Cir. 1999). Nor is attorney error. See Lawrence v. Florida, --- U.S. ---- 127 S.Ct. 1079, 1085 (2007) ("Attorney miscalculation is simply not sufficient to

warrant equitable tolling, particularly in the post conviction context where prisoners have no constitutional right to counsel"); see also Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not permitted even where the petitioner relied on erroneous advice from his state public defender that he had one year from the state's denial of post-conviction relief to file his federal habeas petition); Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

Moreover, he did not exercise reasonable diligence in bringing his petition. The one year statute elapsed in April 2002. Subsequent to that date, according to the Court of Common Pleas docket sheet, he filed a petition seeking exoneration of court costs, fines and restitution. The petition was dismissed on March 18, 2003. Then, on January 7, 2005, he filed a motion for return of property. Thereafter, on April 27, 2005, he filed his petition for post-conviction collateral relief. He fails to show sufficient reason for the delay from April 3, 2001 (the date upon which his judgment became final) to April 27, 2005 (the filing date of his PCRA petition) in pursuing his rights. Thus, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. CONCLUSION

Based on the foregoing, Petitioner's motion to file *nunc pro tunc* will be denied and the petition for writ of habeas corpus will be dismissed as untimely.

An appropriate order will follow.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court

Dated: April 29, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY DEAN BARRICK, JR.,<br>    Petitioner, | : | CIVIL NO. 3:08-CV-0489 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JEFFREY A. BEARD, PH. D. et al.,<br>    Respondents | : | |

## ORDER

AND NOW, to wit, this 29th day of April 2008, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred by the statute of limitations. See 28 U.S.C. § 2244(d).

2. Petitioner's motion to file his petition *nunc pro tunc* (Doc. 12) is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case.

4. A certificate of appealability is **DENIED**. See 28 U.S.C. § 2253(c).

BY THE COURT:

*/s/ James M. Munley*
JUDGE JAMES M. MUNLEY
United States District Court